# JUNE, 1925.

### Pat Kendrick v. The State.

#### No. 9236.    Delivered June 24, 1925.

1.—Burglary—Requested Charge—Issues Submitted—Properly Refused.

Where on a trial for burglary, the issue presented in a requested charge, has been fairly and correctly submitted in the main charge of the court, there is no error in refusing such special instruction.

2.—Same—Evidence—Affecting Credibility—Properly Admitted.

Where appellant introduced his brother-in-law as a witness in his behalf, it was proper to permit the state, as affecting the credibility of said witness, to show that he had, during the progress of the trial, stated to another witness that he wanted said witness to swear like he did, with reference to appellant's purpose in entering the house alleged to have been burglarized.

3.—Same—Confessions—When Admissible.

It is well settled in this state that a confession made by an accused while under arrest, which leads to the discovery or recovery of stolen property, is admissible.   See Art. 810 C. C. P.

4.—Same—Evidence—Of Flight—Admissible.

Where the sheriff was permitted to testify that when he went to arrest appellant, he was requested by him to permit appellant to come in and make bond, and agreed to permit him to do this, but that instead of so doing, appellant fled to the state of Oklahoma, and was there arrested.   Evidence of flight is always admissible, and no error is presented in the instant case in its reception.

5.—Same—Evidence—Opinion of Witness—Properly Rejected.

There was no error in refusing to permit the witness Mrs. Butler to testify that O. E. Allen, the owner of the burglarized premises, was the only one who knew how to make "choc" beer, such testimony being merely the opinion of said witness, and having no probative force.

6.—Same—Bills of Exception—Qualification of Court—Effect of.

Where the qualification of the court is contradictory of the matters conplained of in the bill, and are accepted by counsel for appellant, it in effect eliminates all objections urged in the bill, and no error is presented.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction of burglary; penalty, two years in the penitentiary.

The opinion states the case.

*T. B. Ridgill, T. H. McGregor* and *A. L. Love,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted and convicted in the district court of Stephens County for the offense of burglary and his punishment assessed at two years in the penitentiary.

Briefly stated the record discloses the facts to be that the appellant entered the house of one O. E. Allen and stole therefrom a watch, chain and a ring without the consent and knowledge of the said Allen. This was the testimony of the State, and upon the part of the defendant it was contended and the testimony was introduced in support thereof that the witness Allen and the appellant had "choc" beer which they had made and same was being kept in the house of the prosecuting witness Allen, and had some pecans therein and that the appellant, one Butler, and a brother-in-law of Allen, Wallace, had a key that would unlock the door of the house and residence of said Allen and on the day of the alleged burglary, the appellant contended that Wallace gave him a key and instructed him to go into the house and get some beer and that he did so and after he had gotten into the house and observed the watch, chain and ring, he conceived the idea of stealing same but had no intention of committing theft until after he entered said house. This is a sufficient statement of the facts for the basis of this opinion.

The appellant urges seventeen objections and exceptions to the court's charge, practically all of which urge that same is upon the weight of the evidence, not the law of the case, do not present defendant's defense, and prejudicial. The record discloses the court at the request of the defendant gave his special charge No. 1, covering his phase of the case to the effect that if the jury believed from the evidence at the time the property was taken that the defendant had been instructed by one Wallace to go into the house and get some beer or pecans either or both, and that if the defendant believed that said Wallace had the authority to give such instructions and acting thereunder entered said house for said purpose and did not enter the house to commit theft or a felony and after entering the house conceived the idea of taking the property in question, then in that event or if they had a reasonable doubt thereof to acquit the de-

fendant.  This special charge given at the instance of the appellant together with the court's general charge to the effect that before the jury would be warranted in finding the defendant guilty that they must be satisfied beyond a reasonable doubt, that the entry was made in the day time by force "and with the intent to commit the specific crime of theft" fully covered this phase of the case raised by the evidence of the defendant.  However, appellant strenuously insists that the court was in error in refusing to give his special charge No. 2, which was to the effect that if the defendant entered the house with a key furnished him by said Wallace and was instructed by said Wallace to go into said house and honestly believed that he had authority to enter said house and acting under such authority he unlocked the door then to find the defendant not guilty. We are of the opinion that there was no error in the refusal of this charge in view of the special charge given and the charge of court as hereinbefore mentioned, and especially a failure to give said charge, we think was not reversible error and viewing the whole record, we are unable to say that such refusal was calculated to injure the rights of the defendant or that he was precluded from having a fair and impartial trial thereby.  Art. 743 C. C. P. prohibits this court from reversing the judgment on such matters unless the error appearing from the record was calculated to injure the rights of the defendant or it appears therefrom that he had not had a fair and impartial trial.

Bill of exception No. 1 complains of the action of the court in permitting the witness Allen to testify that the defendant's brother-in-law Butler had a conversation with him while the witness was under the rule to the effect that he ,Butler, hated to testify but he had stated about the defendant and witness having some beer in Allen's house and that he wanted said Allen to testify to the same thing; because the defendant was not present.  The court in qualifying said bill states that it was admitted for the purpose of impeaching the credibility of Butler and showing his interest in the case. We are unable to see any error of the court as complained of in this bill.

It is complained in bill of exceptions No. 2 to the action of the court in permitting the officer Bendy to testify to a conversation had with the appellant while in jail to the effect that the appellant told told him that he had left the watch in question at the jewelry store and if the witness would go there he could get it and that said witness went with the defendant to the jewelry store and got the watch, it being urged that said testimony was inadmissible under Art. 810 C. C. P. relative to confessions of the defendant but under the following portion of said Art. we think it admissible:—

"Unless in connection with said confession he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt such as the finding of secreted or stolen property, etc."

In bill of exception No. 3, complaint is made to the action of the court in permitting the sheriff to testify relative to what the defendant told him about coming in and making his bond and waiting for him to come in and make his bond for appearance, and that he found out that instead of coming in to make his bond he had gone to Oklahoma. The bill discloses the objection to this testimony was that the same was immaterial and irrelevant. The court qualifies said bill by stating that it was admitted on the question of flight. We fail to see any error in the admission of this testimony as presented in the bill and furthermore the undisputed testimony shows that the defendant did go to Oklahoma and was not present in the court when his case was called. Under this phase of the case there could possibly be no error in this particular.

In bill No. 4, complaint is made to the court's refusal to permit the witness Mrs. Butler to testify that O. E. Allen was the only one that knew how to make beer and he and the defendant together made beer and kept it in the ice box in Allen's house. The witness Allen admitted that while he didn't have any beer in the house at the time the premises were alleged to have been burglarized that he had "choc" beer in his house prior thereto and the neighbors were interested in it and that they all drank it and in view of said testimony and the record showing those facts and the bill failing to show at what time the witness would state the beer was kept in said house there could possibly be no error in the ruling of the court thereon and that portion of the bill complaining of the said witness not being permitted to testify that Allen was the only one that knew how to make beer, that would involve clearly a conclusion and opinion of the witness and for the reasons above mentioned we see no error in the court's refusing to permit said testimony to go to the jury.

In bill of exceptions No. 5, complaint is made to the court's action in refusing to permit the defendant to testify as to how came him to go into the house. The qualification made by the court to said bill shows that the court stated to counsel as follows:

"I will permit you to show what he went in there for"

This qualification which was accepted by appellant's counsel eliminates any objection urged in the bill, besides the record discloses that the appellant testified the purpose for which he went in the house.

The same objection is urged in bill six. With the same qualification attached thereto and what has been said relative to bill No. 5, applies to this bill.

101 Tex. Crim.—11.

Practically the same objection is urged in bill 7, and the court in qualifying said bill states: the defendant was permitted to testify that he went in the house "for some beer, that said beer was in the ice box." There is no error shown in said bill.

We have carefully examined the record in this case, and fail to find any reversible error made by the trial court and it is our opinion that this case should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and has been approved by the Court.